UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Annette Jaquez; Joel Jaquez; Bartolo Breton; and Vitalicia Baez;<br><br>           Plaintiffs,<br><br>     -against-<br><br>The City of New York; Justin Smith, in his individual capacity; John Does 1 through 10, each in his individual capacity,<br><br>          Defendants. | ECF CASE<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>14 Civ. 02421 |

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988.

3.     This Court has jurisdiction over the Plaintiffs' federal law claims under 28 U.S.C. §§ 1331 and 1343 and over the Plaintiffs' state law claims under 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) in that , *inter alia*, the events giving rise to this claim took place in the Eastern District of New York.

**JURY DEMAND**

5.      The Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

**PARTIES**

6.      Plaintiff ANNETTE JAQUEZ a resident of Queens, New York.  She is currently employed as a medical assistant, as she was at the time of the events giving rise to this Complaint.

7.      Plaintiff JOEL JAQUEZ is a resident of Queens, New York.  He is currently employed as a Hi Lo forklift operator for a national soft drink company, as he was at the time of the events giving rise to this Complaint.  He is the husband of Annette Jaquez.

8.      Plaintiff VITALICIA BAEZ is a resident of Queens, New York.  At the time of the events giving rise to this Complaint, Ms. Baez was employed as a restaurant cook.

9.      Plaintiff BARTOLO BRETON is a resident of Queens, New York.  At the time of the events giving rise to this Complaint, Mr. Breton was doing demolition work on a contract basis.

10.      Plaintiffs Annette Jaquez and Joel Jaquez are husband and wife.  They have daughter who at the time of the events giving rise to this Complaint was nine months old.

11.     Plaintiff Vitalicia Baez is the mother of plaintiff Annette Jaquez.

12.     Although unmarried, plaintiffs Vitalicia Baez and Bartolo Breton live together as husband and wife.

13.      Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

14.     The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

15.     At all relevant times herein, defendants JUSTIN SMITH and JOHN DOES 1 THROUGH 10 (collectively, the "Individual Defendants") were police officers employed by the NYPD and were each acting in the capacity of agent, servant and employee of the City.

16.     The Plaintiffs are unable to determine the actual names of John Does 1 through 10 at this time and thus sues them under fictitious names.

17.     At all times relevant herein, the Individual Defendants were acting under color

of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

18.     The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

19.     In the early morning hours of May 10, 2013, approximately ten or more NYPD officers, including the Individual Defendants herein, broke down the front door and entered the Plaintiffs' apartment.  Several of the officers were likely members of the Emergency Services Unit and were dressed in their tactical uniforms, including masks, ballistic shields and flashlights.  Several of the officers also had their weapons drawn.

20.     Various of the officers entered the two bedrooms in which the Plaintiffs were sleeping. The Plaintiffs were violently brought out of their rooms and handcuffed.

21.     The Plaintiffs remained handcuffed in the apartment for approximately one hour, during which time the officers search the apartment.

22.     During this entire time, the Annette and Joel Jaquez' infant daughter was left, against the will of her parents, unattended in their bedroom.

-4-

23.    The Plaintiffs were thereafter uncuffed and taken outside, at which time the officers continued their search of the apartment.

24.    The Plaintiffs were made to stand outside in the presence of the police for approximately an hour and a half, at which time their ordeal was over and they were allowed back into their apartment.

25.    On information and belief, the police did not have a warrant to search the Plaintiffs' apartment.

26.    Nothing illegal was found in the apartment.

## NOTICE OF CLAIM

27.    Within 90 days from the dates the claims alleged in this Complaint arose, a Notice of Claim was served on the City.

28.    At least 30 days have elapsed since the service of that Notice of Claim and adjustment or payment thereof has been neglected or refused.

29.    The instant lawsuit is instituted within one year and 90 days after the dates the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

30.    All other paragraphs herein are incorporated by reference as though fully set forth.

31.    The aforementioned acts deprived the Plaintiffs of the rights, privileges and

immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32.    The acts complained of were carried out by the Individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

33.    The acts complained of were carried out by the Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

34.    The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.    The Individual Defendants' conduct was the proximate cause of the injuries and damages sustained by the Plaintiffs.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Against the Individual Defendants**

36.    All other paragraphs herein are incorporated by reference as though fully set forth.

37.    By intentionally confining, arresting, imprisoning and detaining the Plaintiffs, and by searching their home without probable cause, privilege or consent, the Individual

Defendants engaged under color of law in the violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

38.    All other paragraphs herein are incorporated by reference as though fully set forth.

39.    Municipal liability for the violations of the Plaintiffs' Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

40.    At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41.    At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

42.    All other paragraphs herein are incorporated by reference as though fully set

-7-

forth.

43.    By the actions described above, the Individual Defendants, jointly and severally, violated the Plaintiffs' rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiffs suffered the loss of physical liberty.

44.    Municipal liability for these torts rest upon principles of *respondeat superior*

WHEREFORE, the Plaintiffs request that this Court:

1.    Assume jurisdiction over this matter;

2.    Award compensatory and punitive damages to the Plaintiffs against the defendants, jointly and severally;

3.    Award the Plaintiffs reasonable costs, disbursements and attorney's fees; and

4.    Grant any other relief the court deems appropriate.

Dated:        New York, New York
              April 14, 2014
                                        Respectfully submitted,


                                        /s/
                                        _____
                                        Darius Wadia, L.L.C.
                                        By:  Darius Wadia, Bar number DW8679
                                        Attorney for Plaintiffs
                                        233 Broadway, Suite 2208
                                        New York, New York  10279
                                        dwadia@wadialaw.com
                                        (212) 233-1212/1216