

| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER** <br> *Corporation Counsel* | **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **SHIRA SISKIND** <br> *Assistant Corporation Counsel* <br> Tel.: (212) 356-2414 <br> Fax: (212) 356-3509 <br> ssiskind@law.nyc.gov |

July 14, 2014

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Annette Jaquez, et al. v. City of New York, et al.</u>
           14 CV 02421 (FB) (RML)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. For the reasons set forth herein, defendants intend to move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in this action in lieu of filing an answer. In accordance with Your Honor's Individual Motion Practices, defendants respectfully request that a pre-motion conference be scheduled in this matter on a date and time that is convenient to the Court, other than August 1, 2014, August 5, 2014 or August 22 through August 26, 2014.[1]

**I. Brief Summary of Facts**

      The complaint alleges, *inter alia*, that on May 10, 2013, the defendants unlawfully entered plaintiffs' apartment and conducted a warrantless search. The complaint further alleges that plaintiffs were falsely arrested and imprisoned for approximately one hour inside the

---

[1] Defense counsel is unavailable on August 1, 2014, and August 5, 2014, and it is defendants' understanding that plaintiff's counsel is unavailable from August 22, 2014 through August 26, 2014.

apartment so that police could search their apartment, and for approximately one and one half hours outside of the apartment while the search continued, after which they were allowed back into their apartment. Defendants liberally construe the complaint to assert the following claims: (1) false arrest/false imprisonment under state and federal law; (2) unlawful search; (3) excessive force; and (4) Monell liability. For the reasons set forth herein, plaintiffs have failed to state a claim upon which relief can be granted, and the complaint should be dismissed.

## II. First Cause of Action

As an initial matter, it is unclear what claims plaintiffs are asserting in the first cause of action in the complaint, other than boilerplate, generalized § 1983 claims. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants cannot decipher, from the allegations made in the first cause of action, what claims plaintiffs are making that would entitle them to relief.

## III. Plaintiffs' False Arrest and Unlawful Search Claims Fail as a Matter of Law

In Muehler v. Mena, 544 U.S. 93, 98 (2005), the Supreme Court stated that "officers executing a search warrant for contraband have the authority to detain the occupants of the premises while a proper search is conducted." Muehler, 544 U.S. at 98 (citation and internal quotation marks omitted). The Court further stated that the "detention of an occupant is surely less intrusive than the search itself, and the presence of a warrant assures that a neutral magistrate has determined that probable cause exists to search the home." Id. (citation and internal quotation marks omitted). Plaintiffs are barred from bringing false arrest or unlawful search claims because the search of plaintiffs' home was conducted pursuant to a valid search warrant, and their detention during the search, for two and one half hours, was reasonable.

## IV. Any Monell Claim Fails

With respect to any Monell claim, the complaint does not identify any policies or practices maintained by the City that could have been the cause of any constitutional injuries allegedly sustained by plaintiffs. "It is well–established that mere 'boilerplate' assertions that a municipality has a custom or policy that resulted in a deprivation of the plaintiff's rights do not rise to the level of plausibility." Perez v. New York City Dep't of Corr., 10 CV 2697 (RRM) (RML), 2012 U.S. Dist. LEXIS 184821, at *7 (E.D.N.Y. Mar. 29, 2012) (citation omitted). The complaint makes conclusory allegations that the City failed to "properly train, screen, supervise or discipline employees and police officers, and [that the City failed to] inform the Individual Defendants['] supervisors of their need to train, screen, supervise or discipline said defendants." However, this is not sufficient to sustain a claim as a matter of law. Thus, to the extent plaintiffs claim that the City is liable under a theory of municipal liability, any such claim fails.

### V. Any State Law Claims Must be Dismissed[2]

To the extent plaintiffs have successfully pled a state law claim for false arrest, any such claims should be dismissed for the reasons set forth in Point III, *supra*. In addition, defendants will request that the Court not exercise pendant jurisdiction over these claims.

### VI. Conclusion

For the reasons set forth above, the defendants respectfully request that the Court schedule a pre-motion conference on a date and time convenient for the Court other than the dates mentioned previously.

Respectfully submitted,

*Shira Siskind*
Shira Siskind
Assistant Corporation Counsel
Special Federal Litigation Division

cc: By ECF
Darius Wadia, Esq.
233 Broadway, Suite 2208
New York, NY 10279

---

[2] Defendants reserve the right to move on any additional claims that they may construe from the complaint.